# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1132V

| | |
|---|---|
| DONALD HOLMBERG,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: June 23, 2025 |

*Alison Haskins*, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.

*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 29, 2021, Donald Holmberg filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that following his receipt of an influenza vaccine on January 28, 2020, he developed Guillain-Barré syndrome ("GBS"). Petition at ¶¶ 1, 24-25. I issued a factual finding regarding symptom onset on June 23, 2023 (ECF No. 38) and a decision awarding damages on October 7, 2024 (ECF No. 51), following briefing by the parties.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $103,511.32, representing the following subtotals:

1) $99,173.20 for attorney's fees based upon work performed at Petitioner's counsel's former law firm (Maglio, Christopher, & Toale);

2) $3,298.00 for attorney's fees based upon work performed at Petitioner's counsel's current law firm (Siri & Glimstad); and

3) $1,040.12 for attorney's costs incurred by Maglio, Christopher, & Toale, but already reimbursed by Siri & Glimstad.

Petitioner's Motion for Attorneys' Fees and Costs, filed Nov. 5, 2024, ECF No. 56. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 56-7.

Respondent reacted to the motion on November 19, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 57. Petitioner has filed no reply.

I have reviewed the billing records submitted with Petitioner's request and find reductions in the amount of fees and costs to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner

2

notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

With the exception of the 2024 hourly rate for attorney Catherine Costigan, the rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. The hourly rate requested for the 1.2 hours of work billed by Ms. Costigan in 2024 ($410) is higher than that previously awarded ($395). *See Eckert v. Sec'y of Health & Hum. Servs.,* No. 22-1259V, 2024 WL 1999694, at *2 (Fed. Cl. Spec. Mstr. Apr. 3, 2024). Application of the previously awarded lower hourly rate results in a reduction of $**18.00.**[3]

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing entitlement and damages to be excessive. *See* Petitioner's Motion for Findings of Fact and Conclusions of Law Regarding Entitlement to Compensation and Damages, filed Aug. 24, 2022, ECF No. 29; Petitioner's Reply to Respondent's Rule 4(c) Report and Response to Petitioner's Motion for a Ruling on Entitlement, filed Oct. 28, 2022, ECF No. 34; Petitioner's Reply to Respondent's Response to Petitioner's Brief on Damages, filed Nov. 15, 2023, ECF No. 46. Petitioner's counsel expended approximately 41.2 hours drafting the entitlement and damages brief, 15.2 hours drafting the entitlement reply brief, and 7.0 hours drafting the damages reply brief, totaling 63.4[4] hours. ECF No. 56-5 at 25-

---

[3] This amount is calculated as follows: ($410 - $395) x 1.2 hrs. = $18.00.

[4] These totals are calculated as follows: 56.4 hours billed on 5/24/22, 5/26/22, 6/10/22, 7/21/22, 7/22/22, 7/25/22, 8/1/22, 8/2/22, 8/8/22, 8/10/22, 8/16/22, 10/7/22, 10/10/22, 10/13/22, 10/24/22, and 10/28/22 at a rate of $460 by Alison Haskins; and 7.0 hours billed on 11/6/23, 11/14/23, and 11/15/23 at a rate of $492 by Alison Haskins. ECF No. 56-5 at 25-30.

30.

      My above calculation does not include time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is being awarded in full. *See,* e.g., ECF No. 56-5 at 26 (entries dated 6/28/22). Nor did I include time spent finalizing the initial demand (14.8 hours). *See* ECF 56-5 at 23.

      It is unreasonable for counsel to spend so much time briefing entitlement and damages in this case. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[5] in which attorneys have accomplished this task in less than half the time.[6] Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 63.4 hours, or $29,388.00)** by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[7] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $8,816.40.**[8]

---

[5] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[6] *See,* e.g., *Farris v. Sec'y of Health & Hum. Servs.*, No. 21-0751V (Jan. 23, 2025) (17.8 and 18.5 hours drafting a damages brief and responsive damages brief in a GBS case, respectively); *Kresl v. Sec'y of Health & Hum. Servs.*, No. 22-0518V (Dec. 31, 2024) (16.7 and 15.3 hours drafting a damages brief and responsive damages brief in a GBS case, respectively); *L.M. v. Sec'y of Health & Hum. Servs.*, No. 19-0890V (Dec. 30, 2024) (9.8, 10.1, 3.5, and 8.6 hours drafting separate entitlement and damages briefs and responsive briefs, respectively); *C.G v. Sec'y of Health & Hum. Servs.*, No. 19-0296V (Dec. 26, 2024) (10.8, 6.0, 9.7, and 4.5 hours drafting separate entitlement and damages briefs and responsive briefs, respectively); *Schwalm v. Sec'y of Health & Hum. Servs.*, No. 21-0066V (Dec. 2, 2024) (12.2 and 6.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Stanton v. Sec'y of Health & Hum. Servs.*, No. 21-0360V (Nov. 25, 2024) (15.9 and 4.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited June 20, 2025).

[7] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[8] This amount is calculated as follows: 56.4 hrs. x $460 x .30 + 7.0 hrs. x $492 x .30 = $8,816.40

4

**ATTORNEY COSTS**

The expense totals submitted by the two respective law firms in this case differ by $42.34. *Compare* ECF No. 56-3 *with* ECF No. 56-4 at 1-2. This discrepancy is due to the failure of the Siri & Glimstad firm to include items found on the Maglio, Christopher, & Toale list, specifically a credit of $75.00 paid to correct duplicative billing by Harris Investigations and expenses of $7.15, $25.00, and $0.51 (totaling $32.66). Because Petitioner has provided supporting documentation for all costs claimed by the Maglio, Christopher, & Toale firm, I will reimburse these costs, and I will subtract the $75.00 credit paid to correct the duplicative billing. ECF No. 56-4. **I find costs in the amount of $997.78 to be reasonable,** and Respondent offered no specific objection to the rates or amounts sought. ECF No. 57.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$94,634.58, representing the following subtotals:**

1) **$90,338.80 for attorney's fees based upon work performed at Petitioner's counsel's former law firm (Maglio, Christopher, & Toale);**

2) **$3,298.00 for attorney's fees based upon work performed at Petitioner's counsel's current law firm (Siri & Glimstad); and**

3) **$997.78 for attorney's costs incurred by Maglio, Christopher, & Toale, but already reimbursed by Siri & Glimstad,**

**to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

5

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
